Kathleen A. McCallister
Chapter 13 Trustee
P.O. Box 1150
Meridian, ID 83680
(208) 922-5100 - Telephone
(208) 922-5599 - Facsimile
kam@kam13trustee.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| IN RE: | CHAPTER 13 |
|---|---|
| ADRIANA LOPEZ GOMEZ<br>JESUS ALEJANDRO LOPEZ LIZARRAGA | CASE NO. 24-40076-NGH |

## TRUSTEE'S AMENDED OBJECTION TO CONFIRMATION

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Objection to Confirmation of Debtor(s) plan states as follows:

| | | |
|---|---|---|
| 1. | Debtor(s) filed for Chapter 13 relief on: | 02/21/2024 |
| 2. | The §341(a) Meeting of Creditors held on 04/10/2024 was: | ☒ Concluded<br>☐ Taken off calendar<br>☐ Continued to: |
| 3. | Discharge: | ☒ Debtor(s) are eligible for a discharge.<br>☐ Debtor(s) are not eligible for a discharge in this case.<br>☐ Other: |
| 4. | Plan Payments: | ☒ Debtor(s) are current on their plan payments.<br>☐ Debtor(s) are delinquent in their plan payments in the amount of:<br>☐ Debtor(s) are currently making plan payments pursuant to a wage deduction order. |
| 5. | Trustee objects to confirmation of the Chapter 13 Plan filed 4/10/24 for the following reasons: | ☐ Chapter 13 Plan unfairly discriminates against a class of general unsecured claims [11 USC § 1322(b)(1)].<br><br>☐ Debtor(s) plan fails to provide for the following secured debt(s): |

| | | |
|---|---|---|
| | | ☐ The proposed Chapter 13 Plan is not feasible as the debtor(s) lacks sufficient regular income [11 USC § 109(e)].<br><br>☐ The proposed Chapter 13 Plan is underfunded in the amount of:<br><br>☒ Debtors are not using their disposable income to fund the plan. Both Debtors' incomes are understated and both debtors are contributing to voluntary retirement accounts. Mrs. Lopez-Gomez received a raise from $26.45 per hour to $32 per hour. Additionally, she has received incentives totaling $5841.95 since filing which were never disclosed. It is difficult to determine her average income since we don't know the date the first incentive was received (trustee's office has not been provided with copies of the incentive checks). Also she is putting an average of $141.96 per month into a voluntary retirement plan that is not permitted unless the plan pays 100% of claims. Her average year to date income without the retirement contributions is $3,946 and is understated a minimum of $458 per month but we know that it is actually higher since the first three months of the year her income was lower than it is currently. Trustee needs copies of the bonus checks to do an accurate calculation of her current income.<br><br>Mr. Based on husband's paycheck from 5/28/24, he is contributing an average of $172 per month and his average income without the voluntary retirement contributions is $4828. His income is understated by $289 per month.<br><br>☐ Plan fails to provide for full payment of the following claims entitled to priority as required by 11 U.S.C. § 507(a):<br><br>☒ Other: trustee has received funds in the amount of $530.11 from a pre-petition garnishment which should be paid into the plan in addition to plan payments. |
| 6. | The following creditor(s) objections will need to be resolved prior to confirmation: | Objection to Confirmation filed by: |
| 7a. | Income and Expenses<br><br>The proposed Chapter 13 plan fails to provide that all of debtor(s)' projected disposable income to be received during | ☒ Unreasonable expenses: will need periodic documentation of the increased day care expenses. Increased from $700 per month to $1100 per month.<br><br>☐ Tax Refunds should be paid into plan in addition to plan payments. |

|     |                                                                                              |                                                                                                                                                                                                                                                                                 |
| --- | -------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | the applicable commitment period will be applied to make payments to unsecured creditors under the plan, [11 USC §1325 (b)(1)(B)] | ☒ Debtor(s) are contributing to voluntary retirement accounts. Both debtors. Plan does not pay creditors in full.<br><br>☒ Bonuses or incentives should be paid into the plan in addition to the plan payments.<br><br>☐ Debtor or co-debtor is unemployed/underemployed; Debtor(s) will need to file an amended Schedule I if there is a change. |
| 7b. | Form 122C:                                                                                   | ☐ Above Median Debtor(s):<br>    ☐ Plan proposed is not 60 months.<br>    ☐ Plan payment is insufficient – debtor(s) are not meeting the disposable income requirement of Form 122C.<br>    ☐ Following expenses are inconsistent between schedules I/J and Form 122C:<br>    ☐ Following lines are incorrect on Form 122C:<br><br>☐ Amended Form 122C is required. |
| 8.  | Trustee is missing the following documentation, or the documentation provided is incomplete: | ☐ Proof of expenses required:<br><br>☐ Proof that the Debtor(s) filed the last 4 years of tax returns pursuant to 11 USC § 1307(e). Trustee is missing tax returns for:<br><br>☒ Paycheck stubs or proof of current income– Trustee is missing: incentive checks received by Mrs. Lopez-Gomez. Since filing.  Per the May 24, 2024 paystub she has received incentives of $5,841.95 sometime after the February 2, 2024 paystub was provided that were never disclosed.<br><br>☒ Bank statements from the date of filing and the 90 days prior to filing. Trustee is missing the following statements: Mountain West statement for account ending in 9184 for 2/17/24 (February 2024).<br><br>☐ Proof of when any current retirement loans will be repaid.<br><br>☐ Installment contracts for all secured claims to be paid through paragraphs 3.1 or 3.3 of the plan. Pioneer Federal on the 2014 Tacoma. |

|   |   |   |
|---|---|---|
|   |   | ☒ Other: Source of the $4,000 deposit on 12/14/23 and the source of the $4,000 deposit on 2/8/24 into the account ending in 2883.  These deposits were not wages.<br><br>Copies of three checks paid from account ending in 2783 in the 90 days prior to filing in excess of $600 in particular check no. 2151 on 12/4 for $630, check no.  2152 for $690 on 1/8/24, and $630 on 2/6/25 check no. 9474.  The amounts do not appear as payments in the statement of financial affairs. |
| 9. | If the Debtor(s) are self-employed: | ☐ Trustee will request that the Debtor(s) provide periodic business reports as a confirmation requirement over the term of the plan. |
| 10. | Income appears to be overstated or understated per the Trustee's calculations: | Income is different for<br>☒ Debtor: income understated and receiving bonuses and/or incentives<br><br>☒ Co-debtor: income higher |
| 11. | The following Schedules and/or Forms will need to be amended: | ☐ Schedules A/B:<br>☐ Schedule C:<br>☐ Schedule D:<br>☐ Schedules E/F:<br>☐ Schedule G:<br>☐ Schedule H:<br>☒ Schedules I/J:<br>☒ Statement of Financial Affairs: if needed |
| 12. | Attorney's fees and Filing Fees: | ☒  Counsel for the debtor(s) will need to file a detailed fee application with the court for attorney's fees requested up to $11,687.<br><br>☐  Form B2030 is inconsistent with the plan and/or schedules.<br><br>☐  Filing fees are being paid in installments; Trustee is unable to pay any attorney's fees until the filing fees have been paid in full. |

WHEREFORE, the trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons.

DATED:  June 14, 2024

      /s/  *Kathleen McCallister*     
Kathleen McCallister, Trustee

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 14, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

ALEXANDRA O CAVAL
**Attorney at Law**
alex@cavallawoffice.com


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

**ADRIANA LOPEZ GOMEZ**
**JESUS ALEJANDRO LOPEZ LIZARRAGA**
**P.O. BOX 322**
**KETCHUM, ID 83340**


    /**s**/  *Kathleen McCallister*
Kathleen McCallister, Trustee